## JENNIE F. SEXTON ET AL.

### v.

## BARTHOLOMEW CARLEY.

*Ejectment—Leasehold Interest—Cahokia Commons.*

1. The owner of land, or one holding it under a lease, may plat the same for purposes of subdivision and subletting, or sale of the interest of one so holding the same, and when done by a lessee, such platting can

Sexton v. Carley.

in no manner affect the title or create a dedication of any part thereof to the public, and where so platted by the lessee for purposes of description, one taking a lease under such lessee may acquire any title that he could convey, and the description by plat is a sufficient description.

2.    An outstanding title to defeat a clear, connected title in another, must be superior thereto, giving the holder of the former the right of immediate entry.

3.    In an action of ejectment brought to recover possession of a leasehold interest in certain lots, the same being a portion of what are known as Cahokia Commons, this court holds, in view of the evidence, that a lease involved could not be considered forfeited, no demand for rent having been made, and that the judgment for the plaintiff must be affirmed.

[Opinion filed March 3, 1893.]

IN ERROR to the Circuit Court of St. Clair County; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. F. G. COCKRELL, for plaintiff in error.

Mr. M. MILLARD, for defendant in error.

MR. JUSTICE PHILLIPS. This is an action of ejectment brought to recover possession of a leasehold interest in lots number two and three, being a subdivision of lot two of United States surveys number 777.

Both parties claim title from the village of Cahokia. The land in question is a part of the grant made to the village of Cahokia by the French Government and afterward confirmed by the United States, and usually designated as Cahokia Commons. By virtue of an act of the legislature of this State, the platting of the lands by the supervisor of the village was authorized for the purpose of leasing the same for any period not exceeding one hundred years; and on the 27th of June, 1844, the lands in controversy, with other land, were leased to Shannon, Letcher and Baldwin for the term of ninety-five years. The lessees subdivided the lot leased by them from the supervisor, and underlet the lots as so subdivided, and it is first objected that the division and platting of the land by the lessees was unauthorized.

The owner of land, or one holding it under a lease, may plat the land for purposes of subdivision and subletting, or

sale of the interest of one so holding the same, and when done by a lessee, such platting could in no manner affect the title, or create a dedication of any part thereof to the public, and where so platted by the lessee for purposes of description, one taking a lease under such lessee may acquire any title that he could convey, and the description by plat is a sufficient description.

The evidence shows that the defendant in error, through the following chain of title, obtained title by the conveyance on April 8, 1846, by the lessees conveying the lots in question to one Cubberly, and he conveyed, on the 14th of November, 1846, to one Benstead, and he, on March 11, 1850, conveyed to Donohue. It then appears that a decree of sale was had on a proceeding by the administrator of Patrick Donohue to sell land to pay debts. The petition recites that Patrick Donohue left no widow and no children, and that his next of kin and only heir at law known to the petitioner was Catherine Donohue, a sister of the deceased, who, together with all persons concerned, petitioner made defendants, and notice given to all persons concerned by publication of the application and report of sale made, and a deed, on the 20th of June, 1855, made by the administrator of Patrick Donohue, conveyed the land to William Gallagher, and on the 9th of February, 1864, by virtue of certain partition proceedings had of the lands owned by William Gallagher, he having died, a special commissioner, by virtue of that decree, conveyed the lots in question to one John Gallagher. It is objected that that deed is not valid because of the fact that the petition avers that William Gallagher died leaving as his heirs at law his brothers, John, James and Richard Gallagher, who were the sole heirs of the said William Gallagher, unless they were half brothers and half sisters, who, if living, were unknown to the petitioner, and publication was made as to the unknown heirs of William Gallagher. But the decree does not show that any guardian *ad litem* was appointed.

The court in its decree finding the interest of the parties and entering a decree for sale on the coming in of the report of the commissioners, and ordering a sale, which was made,

that sale would pass the title of the premises as to all but minor heirs, and it does not appear that there were any heirs other than those found, and that decree of sale can not be impeached in a collateral proceeding, the court having jurisdiction of the subject-matter and the parties, and that the conveyance vested the purchaser with William Gallagher's title; and on December 14, 1875, John Gallagher and wife conveyed to the plaintiff. Plaintiff also showed possession in himself and those in privity with his title with claim of title from 1859 to March 3, 1884, when his tenant, one Starkel, attorned to the plaintiff in error. It further appears that Starkel leased the lands from the plaintiff in error after attornment and she recovered possession from him in an action of forcible detainer. The defendant, to defeat plaintiff's title, sought to show outstanding titles. An outstanding title, to defeat a clear connected title in plaintiff, must be a title superior to his, giving the party owning it the right of immediate entry. One of the outstanding titles relied upon is a leasehold estate granted by the supervisor of Cahokia to one John Simon, and if he was in possession at any time there was an entry on that possession by the supervisor of the village, and the entry, so far as the record shows, was peaceable and acquiesced in, and from 1846 to the present time plaintiff has been in possession, or possession had by those in privity with his estate; and the other was a conveyance in 1850 by Patrick Donohue to Martin, as trustee for Dorethe Donohue. And neither she nor her trustee are ever shown to have been in possession, and the peaceable possession of defendant in error and those through whom he derives title have been acquiesced in for more than forty years. There was no outstanding title to defeat plaintiff's claim.

It was attempted on the part of the plaintiff in error to show that the supervisor of Cahokia had declared a forfeiture of the lease, and of the parties in possession of the original lot number two, under the lease to Shannon, Letcher and Baldwin, and notice was served by the supervisor. So far as appellee was concerned he continued in possession until his tenant attorned to the plaintiff in error, and this lease

was made before the act of 1865. Before a forfeiture could be declared a demand of rent upon the premises must be made. Chadwick v. Parker, 44 Ill. 326; Chapman v. Kirby, 49 Ill. 211. It was held in Dodge v. Wright, 48 Ill. 382: "The question whether the lease had been forfeited, thereby rendering the complainant liable to an action of forcible entry and detainer, has also been settled in this court in the case of Chadwick v. Parker, 44 Ill. 326. It was there held that the act of 1865, upon which the plaintiffs in error rely, does not dispense with the common law requirement of a demand of rent upon the premises before declaring a forfeiture of the lease." No demand for such payment has been made in this case, but by reason of the non-payment of rent the supervisor gave notice that he had declared a forfeiture of the lease. No forfeiture resulted, but after this attempted declaration of forfeiture the supervisor leased the lands to the plaintiff in error and then executed a deed selling and conveying the same to her, and plaintiff in error then induced Starkel, the tenant of defendant in error, to attorn to her, and she acquired no right to hold possession of the premises thereby and did not acquire a lawful possession. Gage v. Hampton, 127 Ill. 87. Her rights under her lease and deed are subordinate to the estate of defendant in error, and the judgment is affirmed.

*Judgment affirmed.*