JENNIE F. SEXTON *et al.*

*v.*

BARTHOLOMEW CARLEY.

*Filed at Mt. Vernon October 27, 1893.*

147 269
88a 440

147 269
187 ³501

147 269
113a ²521

1. EJECTMENT—*by a lessee out of possession against his tenant and another colluding.* If it be conceded that, as a matter of law, generally, a lessee for a term of years can not maintain ejectment without showing a compliance with the terms of the lease under which he claims, yet if he has been ousted from his possession of the premises through the collusion of his tenant with the defendant he may maintain the action, and the question whether the plaintiff has complied with the terms of his lease under which he holds, is one which the defendant can not raise.

2. LANDLORD AND TENANT—*tenant estopped to deny landlord's title.* A tenant is estopped from denying the title of his landlord, and his possession is subservient to the title of the landlord, and he will not be permitted to betray the possession with which he was intrusted.

3. The tenant can not set up a better title in himself or in a third person. He can do no act which may defeat or endanger the title of his landlord. He must surrender up the possession before he can assail or question the title, and put the landlord in the position he occupied when he parted with the possession. And the same principle applies to those acquiring the possession from a tenant. The relation of landlord and tenant attaches to all who succeed to the possession through or from the tenant, and they will have no greater right than the party from whom they recover possession.

4. PRACTICE—*sufficiency of propositions of law.* This court can not pass upon propositions submitted to the trial court when they raise only questions of fact or mixed questions of law and fact, or where they do not separate the question of law sought to be raised, from the facts, nor state it on a hypothetical case.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on writ of error to the Circuit Court of St. Clair county; the Hon. B. R. BURROUGHS, Judge, presiding.

Mr. F. G. COCKRELL, for the appellants.

Mr. M. MILLARD, for the appellee.

Mr. JUSTICE WILKIN delivered the opinion of the Court:

Defendant in error brought his action in ejectment against plaintiffs in error, to the September term of the circuit court of St. Clair county, to recover "lots 2 and 3 of New Brighton, being subdivision of lot 2 of United States survey 777, as per plat thereof recorded in book 'D' of plats, page 134, of the recorder's office of St. Clair county, Illinois, situated in said county of St. Clair," in which he claimed an estate for years, running ninety-five years from June 28, 1844, and which he alleged the defendants unlawfully withheld, etc. The plea was not guilty, and the parties stipulated that both claimed title from the inhabitants of the village of Cahokia. A jury being waived, the case was tried by the court, and judgment entered for the plaintiff. The defendants appealed to the Appellate Court for the Fourth District, but it affirmed the judgment below. The defendants thereupon sued out this writ of error.

The following facts appeared upon the trial: On the 24th of May, 1841, a plat was made of survey 777, one of the sub-divisions being lot No. 2. On June 28, 1844, Joseph Palmier, supervisor of Cahokia commons, made a lease to John Shannon, Isaac A. Letcher and John Baldwin, conveying said lot 2 for a term of ninety-five years, at an annual rental of $16.75, payable at the beginning of each year, with the provision that if the rent was not paid it should be lawful for said supervisor, or his successor in office, to re-enter, "and then and in such case" the lease to become void and of no effect. Subsequently those lessees platted the lot and marked two of the subdivisions lots 2 and 3, which, on April 6, 1846, they leased to Daniel C. Cubberly, from whom, by *mesne* conveyances, plaintiff below claims title by conveyance from John Gallagher, dated December 14, 1875. On the 11th day of February, 1882, Clovis Soucy, then supervisor of Cahokia commons, gave notice to all the occupants of the original lot 2, among whom

was William Starkel, one of plaintiffs in error, that he had elected to determine the lease for the non-payment of rent due under the conveyance by Palmier, and for them to quit, and deliver possession to him within ten days from that date. February 25, 1882, he caused a plat to be made of lot 2, and placed it on record. On this plat, lots 2 and 3 are the same as those conveyed by the lessees of Palmier. On March 1, 1884, Soucy, supervisor, leased these lots to plaintiff in error Jennie F. Sexton, for a term of ninety-nine years. March 3, 1884, she leased the same to Starkel for one year from that date. On October 16, 1885, Soucy, as supervisor, conveyed the fee to Mrs. Sexton.

Plaintiff below claimed on the trial, and introduced testimony tending to prove, that plaintiff in error William Starkel entered into possession of the lots as the tenant of his (plaintiff's) grantor, and that he held the same as his tenant at the time he received the notice to quit from Soucy, and took the lease for the premises from plaintiff in error Sexton. The testimony of the witness Millard is clearly to that effect. The evidence of Starkel on that subject is evasive, but to the direct question, "You held it then for Mr. Carley up to the time you signed a lease for Sexton?" he answered, "Yes, sir; Mr. Sexton came to me one day and made me sign a lease," etc.

The defendant Sexton asked the court to hold as propositions of law applicable to the case, the following: First, the plaintiff, under the evidence in this case, can not recover; second, under the law plaintiff can not recover; third, plaintiff being out of possession can not maintain ejectment under the covenants in the original lease to Shannon, Letcher and Baldwin, without showing a compliance with the terms of the said lease; fourth, there was no authority for the subdivision by Shannon, Letcher and Baldwin; fifth, plaintiff has estopped himself by pleading an outstanding title in another suit; sixth, under the facts and circumstances in evidence the notice of revocation by the supervisor was justified, and valid in law to

end the original lease to Shannon, Letcher and Baldwin, and thereafter an entry by the supervisor for the use of the village, or an entry by the lessee or grantee of said supervisor, as shown in this case, was all the law required to dissolve said lease of Shannon, Letcher and Baldwin; seventh, under the evidence the defendant Jennie F. Sexton has shown the better legal title. The request was denied and each of the propositions refused.

No question is made here as to the rulings of the circuit court in the admission or exclusion of testimony. We can therefore only consider such questions of law as are raised by the refusal of the foregoing propositions. The argument of counsel for plaintiffs in error is directed against the refusal of the third and seventh, but in our view of the case it will only be necessary to consider the third.

If it be conceded that, as a matter of law, generally, a lessee out of possession can not maintain ejectment without showing a compliance with the terms of the lease under which he claims, still we can not say that it was error to refuse this proposition. All controverted questions of fact must be accepted by this court as conclusively settled against plaintiffs in error, and we must therefore presume that the trial court found that plaintiff below was ousted of his possession of the lots in controversy through the collusion of his tenant, Starkel, and the defendant Sexton. That being true, it can scarcely be contended that the third proposition, as submitted, is applicable to the case made by the proof. The tenant, Starkel, could not dispute the title of plaintiff, nor could the defendant Sexton, who, by collusion, induced him to surrender the possession to her. Whether the terms of the lease under which plaintiff claimed had been complied with or not, was a question which they could not raise. "The tenant is estopped from denying the title of his landlord. His possession is subservient to the title of the party under whom he entered. He is not permitted to betray the possession with which he

was intrusted. He can not set up a better title in himself or a third person. Public policy and common honesty alike forbid that he should do any act which may defeat or endanger the title of his landlord. He must surrender up the possession before he can assail or question the title. He must put the landlord in the position he occupied when he parted with the possession. The same principle applies to those acquiring the possession from the tenant. The relation of landlord and tenant attaches to all who succeed to the possession through or from the tenant. They acquire no greater right than the party from whom they recover possession." *Tilghman & West* v. *Little,* 13 Ill. 239, citing the authorities. The same doctrine is recognized in *Hardin* v. *Forsythe et al.* 99 Ill. 312. See, also, *Cox* v. *Cunningham,* 77 Ill. 545.

This not only shows there was no error in the refusal to hold that proposition, but disposes of the case. That is to say, the fact that the defendants were in possession under circumstances which estopped them from disputing the plaintiff's title, being established by the finding of the trial court and judgment of the Appellate Court, all other questions raised become unimportant. Moreover, each of the other propositions raises only questions of fact, or mixed questions of law and fact. None of them separate the question of law sought to be raised from the facts, nor state it on a hypothetical case, so that we can pass upon them as legal propositions.

We see no reason for dissenting from the views expressed by the Appellate Court on other questions discussed, but are clearly of the opinion that for the reason above given its judgment is right, and should be affirmed.

*Judgment affirmed.*

Mr. JUSTICE PHILLIPS took no part in this decision, having heard the case in the Appellate Court.