### Oscar Mayer et al. v. J. Abe Clarke et al.

#### Gen. No. 4,669.

1. TENANCY—*what does not terminate.* A mere notice of forfeiture following a default, not effectuated by entry, does not terminate a tenancy so as to make an entry by the tenant or one in privity to him a trespasser.

2. TENANCY—*what does not terminate.* The mere bankruptcy of a tenant does not *ipso facto* terminate the lease.

3. FIXTURES—*what not.* A gasoline plant is a trade fixture and the right to its removal exists.

Action of trespass. Appeal from the Circuit Court of Knox county; the Hon. GEORGE W. THOMPSON, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed November 9, 1906.

M. J. DAUGHERTY, for appellants.

EDWARD J. KING, for appellees.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action of trespass brought by appellants, Oscar Mayer and Louis Mayer, against appellees, J. A. Clarke and Fred Swanson, for removing a gasoline lighting plant from appellants' building. Defendants filed certain pleas to the declaration to which the plaintiffs demurred, which they afterward withdrew, and it was stipulated by the parties that what could be properly pleaded in the case is pleaded. A trial by jury was had, but at the close of the evidence the jury was withdrawn and all claim of damages, except for the value of the property, was waived, and the case was submitted to the court. The court found the issues for the defendants, and the plaintiffs appealed to this court.

On February 28, 1905, one R. M. Albert was the proprietor of a cigar store in Galesburg, holding the premises under a lease from appellants, expiring by extension November 1, 1908. Sometime before February 28th he had placed at his own cost in the store, for the purpose of lighting the same and saving expense, a gasoline lighting apparatus, which consisted of a tank which was placed in a court in the rear of the store for the purpose of holding the gasoline, and from this gasoline tank two small pipes entered the building in the rear under a window sill, connecting with a gas generator which was screwed to a board inside on the wall, from which generator ran a tin pipe along the rear wall to the ceiling, and along the ceiling to the front of the store. In the rear room of the store the tin pipe was held in place by tin strips tacked to the ceiling, while in the front room the ceiling being metal the pipe was soldered. From this pipe five chandeliers dropped. On March 1, 1905, R. M. Albert became bankrupt. A trustee was appointed for the estate of Albert. Notice was served by the

appellants of default in rent and demand for posses-
sion.   Appellants filed a claim for rent, which was
allowed and paid in the estate of Albert.   Under an ar-
rangement in the Federal Court the trustees held the
premises for two months after the bankrupt sale and
paid rent therefor to the appellants.   On May 8th, the
bankrupt's stock was sold and appellees purchased the
same.   In inventorying the same they found a shortage
of some cigars, and in compromise of this shortage
Albert's interest in the gas lighting plant was trans-
ferred to them.   On July 3rd they removed the gas
lighting plant from the store, and on July 7th the key
to the premises was surrendered to appellants.   The
appellees in removing the plant from the premises did
no substantial injury, and the appellants waived all
claim for damages in that regard.

The lease under its terms was not to expire until
1908, and consequently some action was necessary,
either on the part of the lessor or lessee, to terminate
the lease before the relations ceased to exist.   It is con-
tended by appellants that the non-payment of the rent
and the notice of forfeiture and the bankruptcy of the
tenant terminated the lease.   The objection to the
contention is, that only a cause of forfeiture is shown.
It is not shown that Albert or those claiming under him
were in fact expelled, or that the appellants had re-
entered or repossessed themselves of the premises.
The tenant and those claiming under him were still in
possession claiming the right to hold under the lease,
the rent had been paid to and accepted by appellants
to a date later than the removal of said property, and
the term therefore had not expired and the right of
removal remained.   Keogh v. Daniell, 12 Wis. 181-191.
The bankruptcy of the lessee, R. M. Albert, did not
terminate the lease.   It is the law that a lessee's bank-
ruptcy does not in and of itself terminate a lease.   The
trustee of the bankrupt's estate did not assume the
lease, therefore the bankrupt remained a tenant · as

before. Brandenberg on Bankruptcy, par. 23, page 703. The tenancy not being terminated and the land-lord not having taken possession of the premises until after the fixtures were removed, the tenant or those holding under him had a right to remove the trade fixtures.

That the gasoline lighting plant is a trade fixture is well established. It appears from the evidence that it was placed by the tenant for his more convenient use of the premises, and that it was not necessary for the enjoyment of the premises. "A great part of the gas fixtures, such as the gasometer and the apparatus for generating gas, as between landlord and tenant, are movable property. As between landlord and tenant the latter has a right to remove them during the term." Hays v. Doane, 11 N. J. Equity, 84-96.

As to the violation of the Constitution by the Federal Court in impairing the obligation of a contract, and putting a stranger in possession, as the appellants argue, this question is not raised under the issue in this case, and the evidence does not warrant this assumption. It is the law in cases of this kind that the trustee of a bankrupt estate may occupy and use the leased premises for the estate, and compensate the landlord for such use and occupation, and charge the same to the bankrupt's estate as costs and expenses of administration. Brandenberg on Bankruptcy, par. 23, page 703.

The lease not having been terminated and the appellants not having repossessed themselves of the premises when the gasoline lighting plant was removed by appellees, the appellants therefore had no cause of action, and the judgment of the Circuit Court is affirmed.

*Affirmed.*

Mr. Justice Thompson, having heard this case in the lower court, took no part in its decision here.