Frank Bond and Bert D. Warren, Appellees, v. Jeffrey G. Long, Flossie B. Long, L. A. Kline and A. Ross Reed, Appellants.

Term No. 49F8.

Opinion filed May 9, 1949.
Rehearing denied June 29, 1949. Released for publication June 29, 1949.

· ·ROBERT M. WASHBURN, of Centralia, for appellants.

HILL & DOLAN, of Mt. Vernon, for appellees; W. JOE HILL, of Mt. Vernon, and GLENN E. MOORE, of Benton, of counsel.

MR. JUSTICE SCHEINEMAN delivered the opinion of the court.

This is an action brought by plaintiffs against defendants, Jeffrey G. Long and Flossie B. Long, for damages for breach of an option to purchase agreement contained in a lease between the parties, and against the said defendants and L. A. Kline and A. Ross Reed, justice of peace and constable respectively, for unlawful eviction of plaintiffs from the leased premises. The Longs counterclaimed against plaintiffs for damages for failure of plaintiffs to quit on notice after a breach of the lease and for damages for plaintiffs' failure to yield up the premises in good condition. Judgment was rendered against the defendants, Jeffrey G. Long and Flossie B. Long, in the amount of

$1,750 and costs and in favor of defendant L. A. Kline. Defendant, A. Ross Reed, died during the pendency of the action, and nothing further was done as to him.

The facts are as follows: On April 1, 1946, the parties entered into a five year lease of the premises consisting of a restaurant and tourist cabins. The lease contained a forfeiture clause providing for re-entry by the lessors upon any use by the lessees calculated to injure the reputation or credit of the premises and, in addition, an option to purchase the premises at any time during the term of the lease upon the payment of $10,000. On April 7, 1947, plaintiff, Frank Bond, was convicted of an illegal sale of liquor on the premises and on April 14 the lessors duly served a notice of termination of the lease upon the lessees for a breach of covenant and demanded that possession be given up on May 29, 1947. On May 2, 1947, plaintiffs allegedly made tender of the purchase price under the option agreement which defendants refused.

On May 31, 1947, Long and Reed forcibly dispossessed the plaintiffs from the premises under the purported authority of a writ entitled ''Writ of Restitution'' issued by defendant Justice of Peace Kline. Thereafter plaintiffs were deprived of the use of the premises, their goods and chattels were placed in a warehouse by the defendants and subsequently the premises were sold to a third party for $12,000.

Considering first the question of the plaintiffs' right to damages for failure of the defendants to accept payment of the purchase price under the option agreement, it is obvious that such offer was made too late since it was made after a notice of termination of the lease had been served. A termination of a lease for a breach of covenant also terminates the option to purchase contained in the lease. *Sandra Frocks, Inc. v. Ziff*, 397 Ill. 497; and since a notice to a tenant to quit is operative at the time it is served, not at the time limited for quitting, the option to purchase is likewise

terminated at that time. 32 Am. Jur. 287, § 309. In view of these rules of law the defendants owed no obligation to the plaintiffs to accept their offer to purchase under the option agreement, such offer having been made subsequent to the notice of termination of the lease. On this phase of the case plaintiffs had no cause of action.

However, on the question of an illegal eviction based on the purported authority of a "Writ of Restitution" the plaintiffs' contentions are well taken and in view of the facts they are entitled to whatever damages they have incurred thereby.

A writ of restitution, or of possession, is an order in aid of a judgment whereby the court in which judgment has been rendered orders that possession of the premises be immediately given up. There is no doubt that an officer acting under the authority of such a writ properly issued by a court with jurisdiction over the subject matter and the parties may use such force as is necessary under the circumstances to dispossess a tenant. In the present instance the plaintiffs deny that the court ever had jurisdiction over the parties and in support thereof there is some testimony to the effect that the plaintiffs were never served with process in a forcible entry and detainer action and did not appear in any such action. But more important herein is the evidence of the writ itself for it not only fails to show upon what judgment it is based but that portion of the writ reciting "lately obtained before me a judgment against" has been scratched off and deleted from the writ. This, in itself, constitutes an explicit declaration on the part of the justice issuing the writ that it is not based upon any judgment obtained before him. It was thus void on its face and conferred no authority whatever upon the officer to whom it was directed. In the case of *Brown v. Duncan*, 132 Ill. 413, the court stated: "It is necessary that every execution should have a judgment to support it and that it should appear

from the execution what judgment is intended to be enforced. The judgment is the foundation of the execution. The vitality of the writ is drawn from the judgment. Failing to show the judgment or decree upon which it is issued, a writ is not, in legal contemplation an execution at all and confers no authority whatever upon the sheriff to whom it is directed.'' See also *Stubbs v. Austin,* 285 Ill. App. 535; *Hooper v. Shorr,* 110 F. (2d) 446 and 21 Am. Jur. 37, § 50.

Having thus acted on a writ void on its face the defendants acted wholly without authority and are liable for any damages incurred by the plaintiffs by reason of such unlawful eviction.

 The defendants argue further that the amount of damages awarded the plaintiffs is excessive. We cannot agree with this. Considering, among other things, the fact that the plaintiffs were denied the orderly processes of law, and that the unlawful eviction put an immediate stop to plaintiffs' income from the premises, which, the testimony revealed, was lucrative, it is apparent that the sum of $1,750 damages was entirely reasonable.

There being no apparent dispute over that part of the judgment rendered in favor of the defendant justice of peace, L. A. Kline, we have not considered this question.

*Judgment affirmed.*

CULBERTSON, P. J., and BARDENS, J., concur.