(No. 31277.

Anton Frank Jader *et al.,* Appellants, *vs.* John P. Costello, Appellee.

*Opinion filed January 18, 1950.*

Gunn, J., dissenting.

J. J. Klepak, and Charles D. Snewind, both of Chicago, for appellants.

Harry A. Biossat, of Chicago, for appellee.

Mr. Justice Fulton delivered the opinion of the court:

This is a suit in equity in the circuit court of Cook County, seeking specific performance of an option contained in a written lease for the sale of real estate located at 5014 and 5016 Broadway, in the city of Chicago.

On December 1, 1942, Margaret K. Brown, Nora M. Pockett and Mabel E. Stark, were the owners in fee simple of the premises, and leased the same to the appellants for the period from December 1, 1942, to December 1, 1947. The lease contained an option whereby the lessors agreed to sell the property to the appellants for the sum of $4,000.

The case was referred to a master in chancery, who recommended the entry of a decree dismissing the complaint for want of equity. After objections and exceptions to the master's report were overruled, the court entered a decree dismissing the appellants' complaint for want of equity. Because a freehold is involved, the appeal is directed to this court.

The premises were rented for the sole purposes of a laundry and an apartment, at a rental of $100 a month, payable in advance on the first day of each month.

The pertinent provisions of the lease are the following:

"13. The Lessees, their heirs, and assigns, are given the right and option to purchase said premises at any time prior to October 30, 1947, for the sum of Four Thousand Dollars ($4,000.00) cash, subject to all unpaid general taxes, penalties and interest, unpaid special assessments, penalties and interest, easements and party wall agreements of record, if any, liens, leases or defaults caused by Lessees or their agents, heirs, or assigns. If within the time above specified, the said Lessees,

their heirs, or assigns, shall declare in writing their intention to exercise said option or right to purchase, they shall be allowed the further time of one year (but not beyond the term of this lease) to effect at their own expense, a settlement, compromise, or adjustment of the general real estate taxes levied and unpaid against said premises, by adjudication, tax forfeiture foreclosure or otherwise. Lessors shall at the request of the Lessees, in event notice of intention to exercise the option is given, deposit a deed to the premises in escrow with the Chicago Title and Trust Company, conditioned for delivery upon payment of the purchase price herein provided after said general taxes have been compromised."

\* \* \* \* \*

"15-A. This lease and all rights and obligations of the parties thereto, including the option to purchase therein contained, shall, at the option of the Lessors, be cancelled in the event of any tax foreclosure, appointment of any tax receiver, or any action taken by any state, county, or other public official on account of present or future tax or special assessment delinquency. There shall be no liability on the part of the Lessors for the termination of this lease or on account of their failure or inability to perform any of the terms or provisions thereof in the event of any action taken with respect to present or future tax or special assessment delinquency."

The appellants entered into possession of the premises under the lease and have been in possession since that time.

On November 1, 1945, the lessors above named conveyed the premises to the appellee, John P. Costello, by deed which recited that the conveyance was subject to the terms of an existing lease between the lessors and the plaintiffs. The deed was duly recorded March 15, 1946.

On June 4, 1946, the appellant-lessees notified the defendant-appellee by registered mail that they were exercising their option to purchase the property in accordance with the terms of the said lease. On June 11, 1946, the appellants again notified the defendant by personally serving upon him a written notice stating that they were ready, willing and able to complete the purchase of the premises in accordance with the terms of the lease at any time.

On June 7, 1946, three days after receiving the first notice of the appellants' intention to exercise their option to purchase, the appellee mailed to the appellants a letter stating the following:

"You are hereby notified and advised that a tax receiver has heretofore been appointed for the property legally described as: [legal description.]

"Aforesaid property being the property described in your lease dated December 1, 1942, executed by Nora M. Pockett, Mabel E. Stark and Anton Frank Jader and Estelle Josephine Jader.

"Said tax receiver was appointed prior to June 4, 1946. Consequently I wish to advise you that aforementioned lease, together with all rights and obligations including the option to purchase therein contained is hereby cancelled.

Dated this 7th day of June, A. D. 1946.

(Signed) John P. Costello"

On February 8, 1944, a petition was filed in the county court of Cook County on behalf of the county treasurer praying for the appointment of a tax receiver to collect rent from the above premises. On May 8, 1944, Victor L. Schlager was appointed receiver and directed by the court to collect the rents from the premises herein involved. He collected the rent from the appellants for the period beginning October 1, 1944, to November 1, 1946. Thus the appointment of the receiver was made during the period that the original lessors were the owners of the premises and over a year before the execution of the deed to the present owner and defendant in this suit, the appellee here.

No formal notice that the lease or option had been cancelled was served upon the appellants prior to the notice dated June 7, 1946, However, one George Stucker, a real-estate agent, testified that he called at the premises and told Anton Jader, one of the appellants, that he had been appointed agent for the property and sought to collect the rent. Jader told him he was paying rent to the

receiver. Stucker further testified that he told Jader that the option in the lease had been cancelled and that the lease would not be renewed. Stucker was very indefinite about the date of this conversation, but thought it was in May, 1946. Jader denies that Stucker ever said anything about the lease having been cancelled, but states that Stucker said he was the new agent for the building and asked Jader if he wanted to sign a new lease.

The master found that prior to June 4, 1946, the appellee notified the appellants that because of the appointment of the receiver and because of the nonpayment of rent to the appellee by the appellants, the appellee had elected to cancel the lease, together with all its rights and obligations, including the option to purchase therein contained. We do not believe the greater weight of the evidence in this record supports the finding that such notice was given prior to June 4, 1946. We think the evidence clearly shows that the only actual notice of such character was the letter dated June 7, 1946, hereinabove set forth. This notice was delivered over a year after the appointment of the receiver by the county court and more than six months after the appellee acquired title, and three days after the appellants had served notice of their intention to exercise the option to purchase.

The final conclusion of the master was that when appellants failed to pay the rent called for under the specific terms of the lease to the appellee, but instead paid the rent to the tax receiver, the plaintiffs defaulted under the terms of said lease and were no longer entitled to exercise the option to purchase therein contained.

The decree of the circuit court made no findings of either law or fact, but merely overruled exceptions to the master's report and ordered the cause dismissed for want of equity at plaintiffs' costs.

Much complaint is made by appellee because the rent was paid to the tax receiver instead of to him and his

predecessors in title. The original lessors had full knowledge that a tax receiver had been appointed on May 8, 1944, to collect the rents and that the appellants were subsequently paying rents to such receiver. The receiver was properly appointed under the Revenue Act. (Ill. Rev. Stat., 1943, chap. 120, par. 697.) It was his duty to collect the rents and apply the same in satisfaction of the lien for delinquent taxes, all of which was of benefit to the owners of the fee. This court has held that a tax lien is paramount to all rights, titles, claims or interests whenever and however acquired. Taxes as they affect land are not ordinary debts. They take precedence over all other liens, including those prior in time. (*People* v. *Evans*, 262 Ill. 235.) No objection was made by the lessors to the payment of rents to the receiver. The appellee, when he purchased the premises on November 1, 1945, had full knowledge that a tax receiver was collecting the rents. We do not deem the appellants to be in default because they paid the rents to the tax receiver under the direction of a court order.

No demand, either oral or in writing, was ever made by the lessors or appellee upon the appellants to pay the rent to them rather than the receiver. No effort to exercise the option for cancelling the lease because of the appointment of a tax receiver, as provided in section 15-A of the lease, was ever attempted by either the lessors or the appellee prior to the date of the notice by appellants exercising their right or option to purchase the premises.

At the time appellee purchased the premises on November 1, 1945, he had knowledge of the existing rights of the appellants. In paragraph 4 of appellants' complaint it was alleged that, "On November 1, 1945, the owners above named conveyed the said premises to the defendant, John P. Costello, the deed reciting that the conveyance was subject to the terms of an existing lease." Appel-

lee's answer to said paragraph 4 does not deny this allegation.

The facts in the case of *Sandra Frocks, Inc.* v. *Ziff*, 397 Ill. 497, cited by appellee, are widely different from those in the present case. In that case the lessee refused to pay the rent because of a disagreement as to the amount due. No one was authorized to receive the rent in that case except the defendant, Betty Ziff, whereas in the instant case, the appellants were required to pay the rent to the receiver instead of to the owners.

The appointment of a tax receiver did not *ipso facto* bring about a cancellation of the lease in this case. It merely gave the lessors the option to cancel, which was never exercised by the appellee until after the receipt of the notice of June 4, 1946, delivered to him by the appellant.

From a careful review of this record, we do not find where the appellants have been in default at any time, and because they exercised their right of an option to purchase the premises, given them under the terms of the lease, in apt time, we believe the circuit court of Cook County erroneously dismissed the appellants' complaint for want of equity. We accordingly hold that the said decree be reversed and the cause remanded, with directions to enter a decree in compliance with the views expressed in this opinion.

*Reversed and remanded with directions.*

Mr. JUSTICE GUNN, dissenting.

I cannot concur with the result in this case. The opinion holds that because the lessee exercised his option before the lessors elected to refuse to go through with the contract by reason of the provisions of clause 15-A, thereby the effect of the last-numbered clause has become vitiated. There is nothing in clause 15-A that vitiates it by reason of any time the lessee elects to exercise the option. It says

distinctly: "This lease and all rights and obligations of the parties thereto, including the option to purchase therein contained, shall, at the option of the Lessors, be cancelled in the event of any tax foreclosure, appointment of any tax receiver, or any action taken by any state, county, or other public official on account of present or future tax or special assessment delinquency."

This clause does not limit the time within which the lessors may cancel the option to purchase. No reference is made to the actions of the lessee. The right to cancel the option exists during the entire term of the lease, providing the tax foreclosure proceeding is started. To say that this provision is eliminated because the lessee exercises the option to buy puts something in the lease that is not there, and strikes out a right clearly given the lessors.

I think the decree of the circuit court should be affirmed.