SUMMIT LODGE NO. 431 A. F. and A. M. *et al.*, Plaintiff and Counterdefendant-Appellee, *v.* KREKEL KARCH *et al.*, Defendants and Counterplaintiffs-Appellants.

Fourth District   No. 15399

Opinion filed September 5, 1979.

Carlon and Carlon, of Normal (Patricia A. Carlon, of counsel), for appellants.

Albert E. Hurt, of Decatur, for appellee.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Defendants appeal a trial court order restraining them from enforcing a forfeiture of a 999-year lease.

Plaintiff is lessee of a 999-year lease which was executed in 1918. The lease covered the second story of a building located in Harristown, Illinois. Defendants acquired title to the building in 1959, subject to the lease. On July 20, 1977, defendants served a 30-day notice to quit upon the wife of Cletis Yeager, who was at that time the Worshipful Master of plaintiff. On March 31, 1978, defendants broke plaintiff's lock off the door to the second floor and removed plaintiff's property. Plaintiff then filed a complaint for injunction against defendant. A temporary injunction,

entered April 14, 1978, ordered defendants not to damage the property of plaintiff and to restrain from denying plaintiff access to the premises. In answer to the complaint for injunction, defendants alleged plaintiff failed to meet the terms of the lease by failing to pay rent (a portion of the taxes) and by failing to maintain the premises and defendants were, therefore, entitled to a forfeiture of the lease. The "rent" provision of the subject lease provides:

> "And the party of the second part agrees to pay, as rent for said premises, the sum of Four Thousand dollars, the receipt whereof is hereby acknowledged, and to pay to the said party of the first part as the same may become due and before statutory delinquency in each year, _____ part of all taxes and assessments, general or special, which may be legally levied upon or assessed against said Lot Seven in said Block Four."

Following a hearing, the court enjoined defendants from enforcing a forfeiture of the lease and commanded defendants to place plaintiff back in possession. The court also ordered plaintiff to begin paying a portion of the taxes. Plaintiff and defendants were ordered to go to the supervisor of assessments to divide the assessed valuation of the premises.

On appeal, defendants claim that an injunction is not a proper remedy since plaintiff did not show it had no adequate remedy at law and that the trial court erred in enjoining them from enforcing a forfeiture of the lease.

■■ ■ Defendants claim plaintiff has the legal remedy of forcible entry and detainer if it feels it has been wrongfully deprived of possession and equitable relief is therefore improper. The mere existence of a remedy at law does not deprive equity of its power to grant injunctive relief unless the legal remedy is clearly adequate. The remedy at law must be clear, complete, and as practical and efficient to the ends of justice as the remedy in equity. (*K.F.K. Corp. v. American Continental Homes, Inc.* (1975), 31 Ill. App. 3d 1017, 1021, 335 N.E.2d 156, 159.) Where a lessor has forcibly taken possession of demised premises in violation of the terms of the lease, he may be compelled by mandatory injunction to surrender possession to the lessee. (*Scholz v. Barbee* (1951), 344 Ill. App. 630, 101 N.E.2d 845; 51C C.J.S. *Landlord and Tenant* §320 (1968).) Plaintiff owns a 999-year lease. Throughout the tenancy, plaintiff has never paid taxes. In 1977, 19 years after defendants became owners of the building, defendants forcibly took possession for plaintiff's alleged failure to fulfill the terms of the lease. Equitable considerations are necessary for a complete determination of this controversy. An injunction is a proper remedy to prevent forfeiture under these facts.

■■ In reviewing the issuance or denial of injunctive relief, the scope of appellate review is limited to a determination of whether the trial court

80

properly exercised its discretion. (*Field Surgical Associates, Ltd. v. Shadab* (1978), 59 Ill. App. 3d 991, 995, 376 N.E.2d 660, 663-64.) In this case, defendants used self-help in dispossessing plaintiff. Defendants claim that plaintiff's failure to pay a portion of the taxes and to maintain the premises entitles them to declare a forfeiture. The trial court found that defendants had waived their right to forfeiture by failing to bring any action for 19 years. The court further found that equity requires plaintiff to begin paying a portion of the taxes and to make needed repairs on the premises. A court of equity has inherent power to impose terms and conditions in granting relief. (*Board of Education v. Springfield Education Association* (1977), 47 Ill. App. 3d 193, 361 N.E.2d 697.) The trial court order is equitable under the circumstances and constitutes a proper exercise of discretion. We affirm.

Affirmed.

REARDON, P. J., and GREEN, J., concur.