OKEY, INC., Plaintiff-Appellant, *v.* AMERICAN NATIONAL BANK AND TRUST COMPANY, Trustee, Defendant-Appellee.

First District (2nd Division)    No. 80-1738

Opinion filed June 2, 1981.

Joseph Sconza and Herbert Lesser, both of Chicago, for appellant.

Henry J. Oliveri, Jr., of Chicago, for appellee.

Mr. JUSTICE STAMOS delivered the opinion of the court:

Plaintiff Okey, Inc., brought an action for a declaratory judgment in the circuit court of Cook County. Plaintiff occupied property as a tenant under a lease agreement executed with lessor American National Bank. Plaintiff lessee sought a declaration of the validity of its exercise of an option to purchase contained in the lease agreement. Lessor contended, however, that the option, and the lease in which it was contained, were terminated by prior acts of the lessee. The trial court awarded judgment on the pleadings to lessor. Lessee appeals.

On December 31, 1965, Okey and American National Bank entered into a lease agreement. The Bank, acting as trustee under a trust agreement dated November 30, 1964 (Trust No. 20912), was the nominal lessor (holding for unnamed beneficiaries), and Okey was the lessee. The lease provided that it would commence on February 1, 1966, and terminate on January 31, 1981. The 21-page lease agreement contained, *inter alia*, an option to purchase, a provision for termination of the lease upon insolvency of the lessee, and a provision allowing lessor to enter the premises and evict lessee upon nonpayment of rent. The option stipulated that if it was exercised between the 25th and 60th month of the lease term, the purchase price would be $105,000; if the option was exercised subsequent to the 60th month, the price would be $95,000. There is no dispute that lessee, in its attempt to exercise the option to purchase, complied with the terms of the option.

In May 1971, during the pendency of the lease, two events occurred. On May 6, Sheldon Simborg, apparently acting as lessor, filed a forcible detainer action against lessee and obtained a default judgment granting lessor both possession and rent arrearages of $5,220. On May 18, lessee filed in bankruptcy court for an arrangement with creditors. A restraining order against lessee's creditors was entered by that court. Soon thereafter, on June 9, Simborg, describing himself as a beneficiary of the trust agreement and as an agent of the other lessor beneficiaries, filed an application with the bankruptcy court to direct lessee's surrender of the premises. This particular sequence of events ended on September 13, 1971, with a motion and stipulation with the bankruptcy court reciting that on payment of $4,100 lessor would withdraw the application to direct surrender of the premises. The court, in accord with the petition of the parties, entered an order dismissing the application. Lessee tendered a lump sum rent payment, which payment was accepted by lessor.

From 1971 to the institution of the present proceedings lessee continued in possession. Rental payments were made (although there remains some dispute over how promptly) and accepted by lessor. Lessor admits, however, that in July 1979, rent was current and in complete satisfaction of the lease. When lessee attempted to exercise the option to purchase, lessor refused to convey the property, contending that lessee had breached the lease by its failure to pay rent when due in 1971, by its instituting proceedings in bankruptcy court, and by its tardiness in payment of rental installments from 1971 to 1976. The trial court ruled, on the pleadings, that lessee was not entitled to a declaratory judgment affirming the validity of the lease. Following a denial of its motion to reconsider, lessee filed this appeal.

Defendant lessor motioned under section 48(1)(i) of the Civil Practice Act for judgment on the pleadings. (See Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(i).) This provision states in relevant part:

"(1) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

\* \* \*

(i) That the claim or demand asserted against defendant is barred by other affirmative matter avoiding the legal effect of or defeating the claim or demand."

The affirmative defense raised by lessor on this motion was breach and termination of the lease, bringing into issue the continuing validity of the lease. Defendant's motion with attached affidavits and exhibits was in reality a fact motion, somewhat akin to a summary judgment procedure.

(See D. Laycock, *Dispositive Pre-Trial Motions in Illinois—Sections 45, 48 and 57 of the Civil Practice Act*, 9 Loy. L.J. 823 (1978); see also *Janes v. First Federal Savings & Loan Association* (1974), 57 Ill. 2d 398, 406, 312 N.E.2d 605.) In our judgment, however, disputed issues of material fact remain unresolved in the case at bar and necessitate remand for a hearing before a trier of fact. See *Walker v. State Board of Elections* (1976), 65 Ill. 2d 543, 553, 359 N.E.2d 113; *Allis-Chalmers Credit Corp. v. McCormick* (1975), 30 Ill. App. 3d 423, 424-25, 331 N.E.2d 832; see also *First Commercial Bank v. Point of View, Inc.* (1973), 9 Ill. App. 3d 515, 292 N.E.2d 482 (Abstract).

The central issue presented by this appeal is whether lessee's non-payment of rent during the pendency of a long term lease and lessor's obtaining of a forcible detainer judgment nullified the lease even though lessee regained currency in rent payments and lessor continued to accept the payments. There is no dearth of cases considering this issue and its various permutations. In *Perry v. Waddelow* (E.D. Ill. 1956), 145 F. Supp. 349, a Federal District Court applied Illinois law in deciding a dispute almost identical to that presented at bar. The defendant in *Perry* sought to exercise an option in a lease to renew that lease for an additional period. The plaintiff argued that an earlier breach terminated the lease and, as a result, extinguished the defendant's right to exercise the option. The *Perry* court held that acceptance of the monthly rent accruing after the time of the breach constituted a waiver of the breach and negated the plaintiff's right to declare a forfeiture at a subsequent time. The court then held that waiver of a cause for forfeiture of the original lease by acceptance of rent estopped the plaintiff from asserting the original breach as grounds for refusing to allow the option. (*Perry*, at 351.) Similarly, in *System Terminal Corp. v. Cornelison* (Wyo. 1961), 364 P.2d 91, the Supreme Court of Wyoming, citing *Perry*, held that "plaintiffs by the acceptance of the rental * * * impliedly agreed that the defendants were to be reinstated in all rights which they previously had under the lease." 364 P.2d 91, 95.

■■ The holdings in *Perry* and *System Terminal Corp.* are entirely consistent with Illinois case law. (See, *e.g., Daehler v. Oggoian* (1979), 72 Ill. App. 3d 360, 364, 390 N.E.2d 417 (when holdover tenant continues to make rent payments after expiration of lease, and those payments are accepted by lessor, the law generally implies that lessor has elected to renew the lease).) A lease which gives the lessee the option of purchasing the subject premises is a continuing and irrevocable offer, which binds the lessor to convey to the lessee upon compliance with the terms of the option. (*Stanwood v. Kuhn* (1907), 132 Ill. App. 466, 470.) The contract which arises out of an option for the purchase of real estate is an executed unilateral contract which becomes bilateral and executory upon the exercise of the option. (See *Bonde v. Weber* (1955), 6 Ill. 2d 365, 374, 128

N.E.2d 883.) Accordingly, upon the instant plaintiff's exercise of the option, certain duties to convey devolved upon defendant contingent only upon whether a valid lease was still in existence. Thus, if defendant by his actions is estopped to deny the existence of a valid lease, plaintiff's conforming exercise of the option placed upon defendant a duty to convey.

■■ Defendant herein contends that this court is bound by the holding in *Lake Shore Country Club v. Brand* (1930), 339 Ill. 504, 171 N.E. 494. In that case, acceptance of rent by a lessor did not waive the lessee's default. Our supreme court refused to find that the lessor's acts constituted a waiver, and held that the lessee could not exercise an option contained in the lease. In *Lake Shore Country Club*, however, there was an explicit provision in the option clause conditioning the lessee's right to exercise the option on the lessee's full compliance with other terms of the lease. (See *Lake Shore Country Club*, at 509.) At the time the lessee sought to exercise the option, the lessee had not complied with all of the conditions in the lease and was therefore in continuing default under the option clause. Our supreme court held that an optionee must perform all conditions not waived by the optioner, and since there was no effective waiver of the explicit conditions in the option, the option had expired. (See *Lake Shore Country Club*, at 524-25; see also *Soltwisch v. Blum* (1973), 9 Ill. App. 3d 760, 762, 292 N.E.2d 742.) Concededly, an option may be an integral part of a lease (see *Sandra Frocks, Inc. v. Ziff* (1947), 397 Ill. 497, 504, 74 N.E.2d 699), but prompt payment of rent during the entire term of the lease is not necessarily an explicit condition of the type discussed in *Lake Shore Country Club*. Under *Lake Shore Country Club*, even if prompt payment of rent were construed to be an explicit condition to the exercise of the option in the instant case, waiver of prompt payment of rent could estop lessor from asserting nonpayment as a bar.

■■ By its terms, a lease can terminate on the occurrence of a collateral event, without further action by the parties, but the lease must contain an express condition to have this effect. (See *Continental Illinois National Bank & Trust Co. v. Windsor Amusement Co.* (1936), 288 Ill. App. 57, 63-64, 5 N.E.2d 606.) Conversely, a lease may terminate by the lessor's prompt action on a forfeiture. (See *Soltwisch*, at 763.) Defendant contends that even if plaintiff's failure to promptly pay rent did not terminate the lease, the collateral event of plaintiff's filing in bankruptcy did.

■■ Bankruptcy of one of the parties, in and of itself, does not terminate a lease. (See *Urban Investment & Development Co. v. Maurice L. Rothschild & Co.* (1975), 25 Ill. App. 3d 546, 323 N.E.2d 588.) In *Mayer v. Clarke* (1906), 129 Ill. App. 424, 426, the court reasoned that declaration of bankruptcy only shows a cause for forfeiture, and is not an absolute termination of the lease. Where the lessor fails to act upon the ground for

forfeiture and continues to accept rent, the tenant continues in rightful possession under the lease. See also *Simmons v. Berryman* (1930), 342 Ill. 274, 278-79, 174 N.E. 410 (provisions for forfeiture are voidable only at option of lessor, thus failure to act on a forfeiture event constitutes waiver).

In *In re Sound, Inc.* (7th Cir. 1948), 171 F.2d 253, *cert. denied* (1949), 336 U.S. 962, 93 L. Ed. 1114, 69 S. Ct. 892, the court of appeals for the seventh circuit considered the effect of a filing in bankruptcy court on the validity of a lease. As in the instant case, the terms of the lease explicitly provided that a filing in bankruptcy court constituted a breach. The court reasoned:

> "When the event upon which the termination was to take place happened, a breach of the lease occurred. The appellant had a right, since the provision was for its benefit, to do one of two things—stand on the breach and treat the lease as terminated, or ignore the breach and acknowledge the continued existence of the lease. Having done the latter, * * * the appellant is bound by its course of conduct." (171 F.2d 253, 254.)

Accordingly, the filing in bankruptcy, irrespective of whether it was an application for benefit of creditors, or, as defendant argues, an acknowledgement of insolvency, would not terminate the lease if the parties continued to maintain a relationship consistent with an existing, valid lease.[1]

As the above cases establish, failure to enforce a condition in a lease may give rise to a waiver. (See also *Summit Lodge No. 431 A.F. & A.M. v. Karch* (1979), 76 Ill. App. 3d 78, 80, 394 N.E.2d 843.) Similarly, prior leniency in the enforcement of conditions of a lease, such as the convenant for prompt payment of rent, can give rise to a waiver of that condition. (See *Cottrell v. Gerson* (1939), 371 Ill. 174, 180, 20 N.E.2d 74.) It is well established that a lessor's acceptance of later accruing rent, despite the lessor's knowledge of lessee's breach of the lease, is a waiver of the forfeiture. See, *e.g.*, *Weiss v. Johnson* (1963), 28 Ill. 2d 259, 261, 190 N.E.2d 834; *cf. Vintaloro v. Pappas* (1923), 310 Ill. 115, 118-19, 141 N.E. 377 (where there is a continuing forfeiture, the waiver is only of breaches occurring before the receipt of the rent).

We note that what might appear to be divergent holdings on what constitutes waiver are actually easily reconciled by examining whether

---

[1] Plaintiff contends that the action for forcible detainer was a nullity because it was brought by an improper party. Since this case turns on lessor's later actions and whether they constituted a waiver, this court need not consider plaintiff's contention. We note, however, that the standing issue was not raised in the forcible detainer action, nor was it raised in the court below. See *Patterson v. Northern Trust Co.* (1907), 230 Ill. 334, 341, 81 N.E. 827 (it is hardly proper for plaintiff to later raise issues which would have been properly joined at a much earlier time).

the lessor had full knowledge of lessee's "breach." (Compare *Lake Shore Country Club*, at 524, with *Housing Authority v. Little* (1978), 64 Ill. App. 3d 149, 150, 380 N.E.2d 1201.) There can be little question of lessor's knowledge in the instant case, however, since its own pleadings raise the issue of the forcible detainer action undertaken and subsequently abandoned by lessor.

■■ Thus, where a lessor waives lessee's forfeiture, the lease continues in force. (See *Chapin v. Raven* (1959), 23 Ill. App. 2d 512, 163 N.E.2d 229 (abstract); *Sexton v. Carley* (1891), 47 Ill. App. 316, 320, *aff'd* (1893), 147 Ill. 269, 35 N.E. 471.) The question remains, nonetheless, of what acts constitute a waiver. Most simply, evidence of acts inconsistent with a declaration of forfeiture may prove waiver. (See *Simmons*, at 278; *Waukegan Times Theatre Corp. v. Conrad* (1945), 324 Ill. App. 622, 632, 59 N.E.2d 308 (acceptance of rent is an act inconsistent with declaration of forfeiture).) Acceptance of rent is one such inconsistent act. (See *Kaybill Corp. v. Cherne* (1974), 24 Ill. App. 3d 309, 319, 320 N.E.2d 598.) Further, the general rule is that any ground of forfeiture, once waived, cannot later be revived as a cause for forfeiture. *Garbaczewski v. Vanucci* (1950), 342 Ill. App. 367, 369, 96 N.E.2d 653.

■■ As applied to the instant case, the above rules of law demonstrate that a ground for default, where not acted upon, may be waived. (See generally *Jader v. Costello* (1950), 405 Ill. 181, 187, 89 N.E.2d 814; *cf. Bond v. Long* (1949), 338 Ill. App. 1, 3, 86 N.E.2d 585 (no waiver after actions to terminate lease).) It is apparent however, that a disputed question of fact exists as to whether lessor's actions constituted a waiver of lessee's purported default on the lease. Since disputed issues of material fact remain, the judgment on the pleadings was improperly granted. The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

Reversed and remanded with directions.

HARTMAN, P. J., and PERLIN, J., concur.