(No. 29998.—

SANDRA FROCKS, INC., Appellant, *vs.* BETTY ZIFF, Appellee.

*Opinion filed September 18, 1947.*

SAMUEL MORGAN, and HARRY A. SELLERY, JR., both of Chicago, for appellant.

498

Harry O. Rosenberg, of Chicago, for appellee.

Mr. Justice Fulton delivered the opinion of the court:

This is an appeal by the plaintiff, Sandra Frocks, Inc., an Illinois corporation, from an order of the superior court of Cook county sustaining a motion by the defendant to strike a complaint seeking specific performance of an option to purchase certain real estate and for injunction restraining the defendant from proceeding further with a forcible entry and detainer suit against the plaintiff in the circuit court of Cook county, and dismissing the cause.

The only pleadings before the court were the complaint and a motion by the defendant to strike the complaint and to dismiss the cause. No evidence of any kind was adduced by either party.

The complaint alleged, in substance, that on February 13, 1945, the defendant, as lessor, and the plaintiff, as lessee, entered into a written indenture of lease by which certain premises in Chicago were demised to the plaintiff for a period of one year commencing September 1, 1945, at a rental of one hundred dollars per month payable in advance on the first day of each month; that in a rider attached to the said lease the plaintiff was granted an option to purchase the demised premises for the sum of seven thousand dollars "on the condition and provision that said Lessee shall exercise said option prior to June 30, 1946, by sending to Lessee [sic] at her home, by registered mail, written notice of his said intention to exercise said option;" that plaintiff, after taking possession of the said premises, paid its rent irregularly, at the convenience of the parties, at one time paying five months' rent at one time. It was also alleged that in all matters pertaining to its tenancy the plaintiff dealt exclusively with one Raymond Ziff, the defendant's husband, who purported to act as, and in fact was, her duly authorized agent; that the said Raymond Ziff was, in his own right, a tenant under

a verbal lease of certain office space in other premises which were managed and operated by Philip Cohen, who was also the president of the plaintiff, and that in September and October, 1945, the defendant became indebted to the said Philip Cohen in the sum of $37.50 and that subsequently, in January and February, 1946, the said Raymond Ziff became indebted to the said Philip Cohen in the sum of $20. It was alleged that, pending the amicable settlement of these obligations, the said Philip Cohen caused the plaintiff to fail to pay rent for the months of February and March, 1946, and that on March 5, 1946, the defendant sent a registered letter to the plaintiff requesting the payment of the rent for said months and notifying the plaintiff to pay rent in advance thereafter on the first day of each month, commencing April 1, 1946. It was alleged that said rent was not paid and that on April 5, 1946, the defendant sent another registered letter to the plaintiff in which she stated that "because of your default in the payment of rent  *  *  *  I hereby elect to declare the term of said lease ended," which it is alleged was not a due and proper notice of termination of the lease because not personally served upon plaintiff as required by the statute relating to landlord and tenant. It was then alleged that upon receiving the last registered letter the said Philip Cohen called the said Raymond Ziff on the telephone and informed him that upon being paid the sum of $57.50 he would instruct the plaintiff to send in the past-due rent, that the said Raymond Ziff disputed his liability for the said sum of $57.50 but promised to see the said Philip Cohen about the matter within a short time and to adjust it with him, but that the said Raymond Ziff failed to meet with the said Philip Cohen or to pay him any part of the said $57.50. The plaintiff also alleged that on April 12, 1946, the defendant filed a forcible entry and detainer suit against the plaintiff in the circuit court of Cook county, praying for the possession of the said demised premises

and that on May 14, 1946, the plaintiff by registered mail sent to the defendant a certified check in the sum of $400, representing the entire rent due for the months of February, March, April and May, 1946, and that on the same day the plaintiff, by registered mail, also forwarded to the defendant an instrument in writing exercising the option to purchase the said premises, but that on May 21, 1946, the defendant by registered mail returned the said check to the plaintiff as "unacceptable" and also notified the plaintiff that the said lease "had been terminated * * * and therefore, the option is null and void." It was also alleged that the plaintiff is ready, willing and able to exercise the said option and that it has no adequate remedy at law. The prayer of the complaint is for an injunction restraining the defendant from proceeding further with the said forcible entry and detainer suit, for specific performance of the said option to purchase, and, in the event that the defendant is unable to convey good title, then for damages for breach of the said option agreement.

The defendant, Betty Ziff, filed her motion to strike and dismiss the complaint in accordance with sections 45 and 48 of the Civil Practice Act, on the grounds that the complaint did not state a cause of action and that there was another action pending between the same parties involving the same issues in the circuit court of Cook county, in which suit some of the issues raised in this proceeding had already been adjudicated against the plaintiff. Attached to the motion was an affidavit and exhibits consisting of a copy of the lease; a copy of the letter of March 5, 1946, requesting the plaintiff to pay $200 rent for February and March, 1946, and that plaintiff thereafter pay rent in advance; a copy of the letter of April 5, 1946, notifying the plaintiff that the term of said lease had been ended; a copy of the motion filed by Sandra Frocks, Inc., to strike the complaint in the forcible entry and detainer suit; a copy of the order of the circuit court

overruling this motion to strike and ordering Sandra Frocks, Inc., to answer the complaint; a copy of the answer of Sandra Frocks, Inc., in that cause, and a copy of the motion by Betty Ziff to strike the answer in that cause.

After a full argument by counsel for both parties, an order was entered on October 11, 1946, sustaining the motion to strike the complaint, denying the injunction, and dismissing the cause for want of equity.

The plaintiff contends that the trial court improperly ruled that the option to purchase was conditioned upon the full performance of the terms of the lease, that the trial court erroneously ruled that the option to purchase was terminated as a result of the defendant's election in her letter of April 5, 1946, to declare the term of said lease ended and that the trial court, in passing upon the motion to strike the complaint, refused to give any weight to the allegations therein alleging facts excusing the payment of rent in advance as provided in said lease.

The motion to strike the complaint, filed by the defendant, raised the question of the termination of the lease by the notice sent by registered mail, raised the question as to any circumstances alleged which would excuse the plaintiff's failure to pay the rent in accordance with the terms of the lease and raised the question as to the validity of the option.

An action for specific performance of a contract to convey real estate involves a freehold, (*Faulkner* v. *Black,* 378 Ill. 112,) and we have held that a freehold is necessarily involved whether the relief sought be granted or the complaint be dismissed. *Jones* v. *Dove,* 382 Ill. 445.

The first question to be passed upon is whether the notice sent by registered mail to the plaintiff by the defendant, in which defendant declared the term of said lease ended, legally terminated the lease. The plaintiff contends that inasmuch as this notice was not served person-

ally upon the plaintiff it was not in accordance with the statute and, therefore, was ineffective. The lease provided as follows: "If default be made in the payment of the above rent, or any part thereof, or in any of the covenants herein contained to be kept by the Lessee, it shall be lawful for Lessor at any time, at his election, without notice, to declare said term ended and to re-enter said premises, or any part thereof, with or without process of law, and to remove Lessee or any persons occupying same, without prejudice to any remedies which might otherwise be used for arrears of rent, * * *." By this provision of the lease the parties agreed that the lessor need not give any notice to the lessee that the term of the lease had ended. We believe that parties may, by agreement in writing, waive the necessity of the landlord giving the tenant any notice of the termination of the lease by reason of any default in the payment of rent or otherwise. (*Espen* v. *Hinchliffe,* 131 Ill. 468.) It appears from the complaint and the exhibits attached thereto that on April 5, 1946, the defendant informed the plaintiff that she had elected to declare the term of said lease ended on account of the failure to pay the rent as provided for in the lease. It also appears that on April 12, 1946, she filed her action in forcible entry and detainer against the plaintiff in the circuit court for possession of the real estate. The complaint contains no allegation that there was any agreement between the parties or any conduct by the defendant indicating an intent by defendant to rescind her action declaring the term of the lease ended. We, therefore, believe that the chancellor properly held the lease terminated.

We next pass to the argument made by the plaintiff that the lower court did not properly consider the plaintiff's allegations in excuse of its failure to pay the rent in advance in accordance with the terms of the lease. In the complaint the plaintiff alleged its duty to pay rent in

advance as provided for in the lease and it also alleged that prior to March 5, 1946, it had been the custom of the parties to permit the plaintiff to pay rent in a manner other than is provided in the lease. Likewise, plaintiff alleged that it received notice under date of March 5, 1946, to the effect that commencing April 1, 1946, the rent was to be paid in advance, in accordance with the terms of the lease. Plaintiff admits that after April 5, 1946, it did not pay its rent in accordance with the lease and alleges the reason for not paying the rent was the existence of a dispute between Philip Cohen, the president of the plaintiff, and Raymond Ziff, the husband of the defendant. The allegation, with reference to this dispute, shows that Raymond Ziff was a subtenant of Philip Cohen of a certain office in other premises and that Raymond Ziff individually was indebted to Philip Cohen for the sum of $57.50. There is no allegation in the complaint that this sum was due and owing to the plaintiff by either the defendant or her husband and, therefore, this dispute could not in any way be an excuse for the plaintiff's failure to pay the rent since the allegations of the complaint themselves do not allege any dispute between the defendant and the plaintiff over credits due on the rent. The chancellor properly held that the plaintiff had not alleged reasons which would excuse the failure to pay the rent in accordance with the terms of the lease. The chancellor was under no obligation to consider any matters not alleged by the complaint.

The plaintiff has contended that the option was an independent undertaking and, therefore, the default in the payment of the rent had no effect upon the existence of the option. The option is part of the lease, the lease stating that the lease consists of three pages, numbered 1 to 3, including a rider consisting of one page identified by the lessor and lessee. The option appears to be the rider and it provided in part as follows:

"Lessor herewith grants to Lessee the option to purchase the premises herein demised for the sum of Seven Thousand ($7,000.00) Dollars one-half of which is to be in cash, and a purchase money mortgage for the balance of said purchase price; said mortgage to be due in five (5) years with interest at the rate of four and one-half (4½) per cent per annum, payable semi-annually, and the purchaser is to make ten (10) semi-annual payments of Three Hundred Fifty ($350.00) Dollars each, together with interest at the rate of four and one-half (4½) per cent per annum on the sum remaining due from time to time. Purchaser is given privilege to pay the entire amount remaining due at any time.

"Said option to purchase is herewith given on the condition and provision that said Lessee shall exercise said option prior to June 30, 1946, by sending to Lessee at her home, by registered mail, written notice of his said intention to exercise said option."

The lease contained the provision "said rental shall terminate as of the date of the purchase of the demised premises as provided for in the option herein." Upon examining the lease and the rider, it appears that the option was an integral part of the lease. In the rider by which the option was granted, the parties are referred to as lessor and lessee, and not as vendor and vendee, or other words customarily used in an option. In the rider the premises are not described but are merely referred to as the premises "herein demised." We do not believe that the option was an independent undertaking but, on the contrary, are of the opinion that the rider was an integral part of the lease and that upon the termination of the lease all rights under the rider also were terminated. It is not unusual for leases to contain a provision conferring an option upon the tenant to purchase the demised premises. We have previously held that unless a contrary contention is manifested, instruments executed at the same time by the same parties, for the same purpose and in the course of the same transaction, are regarded as one instrument and will be construed together as if they were as much one in form as they are in substance. (*Nelson v. Colegrove & Co. State Bank,* 354 Ill. 408.) It should be noted that in the

complaint the plaintiff avers that it exercised the option to purchase real estate "as contained in the written indenture of the lease between the parties hereto." The plaintiff also alleged that it was ready, willing and able to exercise the option to purchase the real estate "referred to in said written indenture between the parties hereto."

In asking specific performance, the plaintiff is confronted with a well-established principle that he who seeks equity must do equity. It appears in the case at bar from the allegations of the complaint that the plaintiff refused to pay the rent in accordance with the terms of the lease and yet, after a suit for possession of the property had been filed which was being resisted by the plaintiff, the plaintiff still attempted to exercise the option to purchase the real estate. If the plaintiff's contention is adopted in the case at bar, the plaintiff could refuse to pay any rent whatsoever or could violate other covenants of the lease and yet exercise its option and demand a conveyance of the property. Certainly, the plaintiff cannot invoke the aid of a court of equity unless the plaintiff has shown a genuine willingness to do equity. We believe that the chancellor properly sustained the motion to strike the complaint and, for the reasons stated in this opinion, the action of the superior court of Cook county in striking the complaint and dismissing the cause is affirmed.

*Decree affirmed.*