(No. 34061.—

HARRY EAGER, Appellant, *vs.* JOSEPH D. BERKE *et al.,* Appellees.

*Opinion filed March 20, 1957—Rehearing denied May 20, 1957.*

Fisher, Hassen & Fisher, of Chicago, (Joseph Fisher, and Marvin Temple, of counsel,) for appellant.

Joseph L. Goldberg, of Chicago, for appellees.

Mr. Justice Davis delivered the opinion of the court:

This is an action in equity for specific performance of an assignment of a real estate contract. In May, 1954, the defendant Joseph D. Berke entered into a contract of sale with Jesse Hartwick and his wife for purchase of certain premises for $34,000. The contract of sale was subject to purchaser's ability to secure a firm first mortgage commitment of not less than $20,000 within 30 days. He paid the sellers $1700 as earnest money. On June 23, 1954, in consideration of an additional $500, this contract was amended by deleting the above mortgage provision and substituting an agreement of the purchaser to assume the existing first and second mortgages on the property amounting to $17,879.56, and further providing for the reduction of the purchase price in that amount, and the closing of the sale within thirty days. By subsequent agreement the parties extended the closing date to July 30.

On July 8, 1954, the plaintiff and the defendant Berke entered into a written contract of assignment whereby defendant Berke agreed to assign to plaintiff all his right, title and interest in and to the contract of sale in consideration of the plaintiff reimbursing the defendant Berke in the sum of $1700, being the earnest money paid by Berke to the Hartwicks, and paying to Berke the additional sum of $3500. At this time the plaintiff deposited $1000 in escrow as part payment for the assignment, saw the Hartwick-Berke contract and the amendment thereto, and initialed that contract. On July 20 or 21, 1954, plaintiff saw a letter from the Hartwicks to defendant Berke which

notified Berke that the contract for the sale of the real estate, as amended, must be completed no later than July 30, 1954, or Berke would be held in default and the earnest money forfeited. On several occasions between July 14 and July 29, plaintiff advised defendant of his difficulty in financing the venture, and on July 29, 1954, plaintiff wrote defendant Berke's attorney that he could not obtain a mortgage, and therefore requested that the $1000 held in escrow be returned to him at once. On July 30, 1954, defendant Berke demanded that plaintiff pay the balance of $4200 due him under the assignment, and plaintiff stated that he could not do so. On the same day, defendant Berke closed the sale of the real estate with the sellers by an escrow at the Chicago Title and Trust Company, deposited the balance of $14,255.17 due sellers, and at his direction, the sellers deposited their deed to the defendant Liberty National Bank of Chicago, as trustee. Also on this date the defendant Berke's attorney advised plaintiff by letter that because of his refusal to purchase the premises in question, he was in default under the terms of the assignment, and demand was thereby made upon him for payment of the assignment balance of $4200.

It appears from the evidence that the defendant Berke's father furnished the purchase price for the property, and that the trust under which the defendant bank took title was a then existing land trust with direction in the parents and two brothers of the defendant Berke, as beneficiaries; and that the defendant Berke was neither a beneficiary, nor had power of direction of said trust.

On August 2, 1954, defendant Berke's attorney wrote plaintiff: "Mr. Berke states that the price is now $40,000.00, and that he will give you credit for the $1,000.00. The building is in better shape than he thought it was originally and the rents could be lifted about 50%." Thereafter on August 6, plaintiff tendered defendant Berke the sum of $4200, and demanded the assignment of the contract of

sale. Upon the refusal of defendant Berke to assign the contract, plaintiff commenced the present suit against the defendants, Berke and the Liberty National Bank of Chicago, as trustee, for specific performance of the assignment and conveyance of the property pursuant to the contract of sale.

The case was tried before a master in chancery who found the issues for the defendants, and the superior court of Cook County entered its decree dismissing the case for want of equity. This case comes to us upon direct appeal, a freehold being involved. *Livingston* v. *Meyers,* 6 Ill.2d 325; *Sandra Frocks, Inc.,* v. *Ziff,* 397 Ill. 497.

The plaintiff urged that he was the assignee and owner of the real-estate contract of sale; that the defendant Berke had no right to deal with the real estate; that he owed defendant Berke $4200 under the assignment; that the plaintiff tendered to defendant Berke the sum due upon demand, and therefore was not in default; that when defendant Berke closed the contract of sale and caused title to be conveyed to the Liberty National Bank, he did so as trustee and agent for the plaintiff; that the defendant Liberty National Bank took title to the real estate as trustee for the plaintiff; and that plaintiff was entitled to a conveyance when he tendered defendant the full purchase price for the real estate.

Defendants contend that plaintiff abandoned his contract, failed to make an adequate tender, and that the rights of innocent persons, not parties to this litigation, have intervened.

It is clear that there was a valid agreement between defendant Berke and plaintiff for the assignment of the real-estate contract, for a valuable consideration. (*Kellogg* v. *Kartte,* 323 Ill. 443; *Waggoner* v. *Saether,* 267 Ill. 32.) This gave the plaintiff all the rights of defendant Berke with respect to the contract. As between the two, the plaintiff became its equitable owner. He would have been en-

titled to enforce his rights under the real-estate contract if he had performed his part of the assignment agreement prior to August 1, 1954, when closing was contemplated. This, however, he did not do. Instead, by letter of July 29, 1954, he advised defendant Berke's attorney of his inability to perform and requested the return of his $1000 payment. This, being a repudiation prior to the time performance was due, constituted an anticipatory breach by repudiation of the assignment contract. *Lake Shore and Michigan Southern Railway Co.* v. *Richards,* 152 Ill. 59; *Roebling's Sons' Co.* v. *Lock Stitch Fence Co.* 130 Ill. 660; *Kadish* v. *Young,* 108 Ill. 170; *Fox* v. *Kitton,* 19 Ill. 519; *Roehm* v. *Horst,* 178 U.S. 1; *Hochster* v. *De La Tour,* 118 Eng. Rep. 922; Restatement of Contracts, sec. 318(a).

The plaintiff's anticipatory breach by repudiation, however, was followed by his breach by nonperformance, or failure of consideration. It is established that a party may terminate or rescind a contract because of substantial non-performance or breach by the other party. (*Manistee Lumber Co.* v. *Union Nat. Bank,* 143 Ill. 490; *Sampson* v. *Marra,* 343 Ill. App. 245, 256; 17 C.J.S., Contracts, sec. 422.) "A breach or non-performance of a promise by one party to a bilateral contract, so material as to justify a refusal of the other party to perform a contractual duty, discharges that duty." (Restatement of Contracts, § 397.) In the case at bar, it was the obligation of the plaintiff to pay the balance due on the assignment on or before August 1, 1954, and he failed to so do. The defendant Berke was under no obligation to execute the assignment until the plaintiff made such payment. In *Manistee Lumber Co.* v. *Union Nat. Bank,* 143 Ill. 490, at 502, this court stated: "It is a good defense to an action on the contract, that the obligation to perform the act required, was dependent upon some other thing which the other party was to do, and has failed to do." We conclude that the plaintiff breached the assignment contract by failure to pay the balance due there-

under not later than August 1, 1954, and that the defendant Berke was justified in refusing to accept the tender of August 6, 1954. Restatement of Contracts, § 274, provides: "(1) In promises for an agreed exchange, any material failure of performance by one party not justified by the conduct of the other discharges the latter's duty to give the agreed exchange even though'his promise is not in terms conditional. An immaterial failure does not operate as such a discharge."

We regard the letter of defendant Berke to plaintiff, dated August 2, 1954, as a new offer to sell the premises to the plaintiff for the sum of $40,000, with credit allowance of $1000 for the sum previously paid in escrow. The plaintiff did not accept this offer and cannot obtain specific performance of the assignment contract which he breached.

In view of our conclusions, we need not determine the adequacy of the tender, whether rights of innocent persons, not parties to this litigation, have intervened, and other questions presented herein.

The decree of the trial court is affirmed.

*Decree affirmed.*