**Richard MOUNT, et al. Plaintiffs,**

v.

**LaSALLE BANK LAKE VIEW, Defendant.**

No. 92 C 5645.

United States District Court, N.D. Illinois, Eastern Division.

May 15, 1996.

Daniel A. Edelman, Cathleen M. Combs, Tara Leigh Goodwin, James Eric Vander Arend, Michelle Ann Weinberg, Edelman & Combs, Chicago, IL, Francine Schwartz, Law Offices of Francine Schwartz, Arlington Heights, IL, O. Randolph Bragg, Chicago, IL, for Richard Mount, Elyse Paulus Mount.

Daniel A. Edelman, Cathleen M. Combs, Tara Leigh Goodwin, James Eric Vander Arend, Michelle Ann Weinberg, Edelman & Combs, O. Randolph Bragg, Chicago, IL, for Bruce Heard, Robert McMurtry, Jr., Laurice McMurty.

Daniel A. Edelman, Chicago, IL, for Ruth Cronk, Wayne Kleinfelder.

Gary Irwin Blackman, Robert I. Boehm, Boehm, Pearlstein & Bright, Ltd., Chicago, IL, for LaSalle Bank Lake View.

## OPINION AND ORDER

NORGLE, District Judge:

Before the court is Plaintiffs' Motion for Reconsideration of the court's order granting Defendant LaSalle Bank of Lake View's ("LaSalle") Motion to Dismiss Plaintiffs' Fourth Amended Complaint ("Complaint"). For the following reasons, the motion to reconsider is granted; the dismissal order of November 15, 1995, is vacated; and the motion to dismiss is denied.

### I. *Background*

Plaintiffs brought this action alleging that LaSalle engaged in deceptive practices when financing home improvement transactions. In Count I, Plaintiffs Richard and Elyse Mount ("Mounts") and Ruth Cronk ("Cronk") (collectively "Plaintiffs") allege violations of the Truth-in-Lending Act ("TILA"), 15 U.S.C. § 1601–93. Plaintiffs' Complaint con-

tained three state law supplemental claims as well.

In 1990, the Mounts purchased home improvement goods and services from Budget Construction Company ("Budget"), a home improvement contractor. The Mounts signed a contract with Budget which specified the agreement's financing terms. Because the Mounts did not have the funds necessary to pay for the home improvements in cash, they submitted credit applications to Budget. Plaintiff alleged that Budget was working with LaSalle in the financing process. After Budget began work, a representative of LaSalle presented the Mounts with a second contract. The second contract provided financing terms less favorable to the Mounts than those in the first contract. The representative told the Mounts that they were required by law to sign the second agreement because (1) Budget had already started work, (2) the second contract terms were the only terms LaSalle would offer, and (3) the Mounts would otherwise have to pay Budget cash if they did not sign the second contract. The Mounts signed the second contract, which was initially payable to Budget. Shortly thereafter, Budget assigned the right to the contract payments to LaSalle. The Mounts claim that the work performed by Budget was shoddy and defective, but they continue to pay their purported obligation under protest.

Also in 1990, Cronk purchased home improvement goods and services from 1st American Builders of Chicago, Inc. ("1st American"). In connection with this transaction, Cronk signed a contract with 1st American which stated:

> If I terminate this contract before work is started, I will pay you ten (10%) percent of the case price as liquidated damages and not as penalty. If I terminate this contract after work is started, I will pay you that portion of the case price equal to the portion of the work completed, plus all change orders completed, plus a sum equal to 25% of the cash price as liquidated damages and not as penalty.

Cronk also did not have the funds necessary to pay for the home improvements in cash. 1st American supplied Cronk with a phone number of someone to call regarding financing. Cronk called the number and, as a result, signed a second agreement which was later assigned to LaSalle.

Since each of Plaintiffs' transactions involved the creation of a security interest in the consumer's residence other than for purposes of purchasing or constructing that residence, the transactions are subject to the rescission provisions of TILA. 15 U.S.C. § 1635. Plaintiffs allege that the right to rescind is fully enforceable against the assignee/creditor, LaSalle, by the terms of the agreement and by virtue of 15 U.S.C. § 1641. Plaintiffs further assert that the practices complained of interfere and render nugatory their right to cancel and that Plaintiffs have a right to rescind their contracts. Plaintiffs allege that they suffered actual damages from these alleged TILA violations.

The remaining counts are styled as "Count II—Illinois Consumer Fraud Act," "Count III—Class Claim for Common Law Fraud," and "Count IV—Breach of Contract." LaSalle moved to dismiss the entire Fourth Amended Complaint on the grounds that the federal regulations applicable to Count I allow only an affirmative recovery from an assignee/creditor (LaSalle) under circumstances which are not present in this case or have not been alleged.

After dismissing Count I, continues LaSalle, the court should decline to exercise supplemental jurisdiction over the remaining counts. Alternatively, LaSalle seeks to dismiss Count III of the Fourth Amended Complaint, which alleges common law fraud, because Plaintiffs have not satisfied the requirement of pleading actual reliance by each Plaintiff. The court issued a minute order on November 15, 1995 granting Defendant's motion as to Plaintiffs' federal claim (Claim I). The court refused to exercise supplemental jurisdiction over the remaining claims. Plaintiffs have now filed a Motion for Reconsideration accompanied by a Response to the Motion to Dismiss, and a Reply in Support of their Motion for Reconsideration.

## II. *Discussion*

■ On a motion to dismiss, all well-pleaded factual allegations are presumed to be true. *Johnson v. Martin,* 943 F.2d 15, 16 (7th Cir.1991). The court also accepts as true all reasonable inferences which may be drawn from those allegations. *Triad Assoc., Inc. v. Robinson,* 10 F.3d 492, 495 (7th Cir. 1993). The complaint need not specify the correct legal theory nor point to the right statute. *Bartholet v. Reishauer A.G.,* 953 F.2d 1073, 1078 (7th Cir.1992). The court must construe the pleadings liberally, and mere vagueness or lack of detail alone does not constitute sufficient grounds to dismiss a complaint. *McMath v. City of Gary, Ind.,* 976 F.2d 1026, 1031 (7th Cir.1992).

■ Plaintiffs assert that Defendants are barred from submitting defenses that were not raised in earlier motions to dismiss in the Motion to Dismiss the Fourth Amended Complaint. Plaintiffs state that the Fourth Amended Complaint is substantively the same as the prior complaint, and that it arose solely from Defendants request for a "clean" complaint after the court partially dismissed the prior complaint. Therefore, argue Plaintiffs, Defendants should be deemed to have waived any arguments which could have been raised when Defendants moved to dismiss the prior complaint. The court disagrees.

Rule 12(g) states in part, "If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make a motion based on the defense or objection so omitted." Fed.R.Civ.P. 12(g). The statute does not explicitly support Plaintiffs' position, nor do Plaintiffs cite any case law barring a defendant from raising new defenses pursuant to a complaint amended for "housecleaning" measures. The Fourth Amended Complaint represents Plaintiffs' fifth opportunity to properly plead their case. The court finds that Defendants deserve similar accommodation in their opportunities to defend against that case. Thus, the court will consider all defenses presented in LaSalle's Motion to Dismiss.

■ The Federal Trade Commission ("FTC") requires that all retail installment contracts, such as those purchased by La-Salle, contain the following notice:

> ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF.

16 C.F.R. § 433.2 ("holder notice"). *Federal Trade Commission—Preservation of Consumers' Claims and Defenses—Statement of Basis and Purpose* provides, in part:

> Part 2. *What the Revised Rule Does.* What is meant by eliminating foreclosure of equities. This rule is directed at the preservation of consumer claims and defenses ... From the consumer standpoint, this means that a consumer can (1) defend a creditor's suit for payment of an obligation by raising a valid claim against the seller as a set off and (2) maintain and action against a creditor who has received payments for a return of monies paid on account. The latter alternative will only be available where a seller's breach is so substantial that a court is persuaded that rescission and restitution are justified. The most typical example of such a case would involve non-delivery, where delivery was scheduled after the date payments to a creditor commenced.

40 Fed.Reg. 53,524 ("Rule"). Prior to the adoption of the rule, a creditor could avail itself of the holder-in-due-course principle, Ill.Rev.Stat.1989, ch. 26, para. 3–302, and demand payment by a consumer despite misrepresentation, breach of warranty or contract, or even fraud on the seller's part. *Felde v. Chrysler Credit Corp.,* 219 Ill.App.3d 530, 536, 162 Ill.Dec. 565, 580 N.E.2d 191 (2d Dist.1991), (citing *Ford Motor Credit Co. v. Morgan,* 404 Mass. 537, 536 N.E.2d 587, 589 (1989)). The Rule was designed to preserve consumers' claims and defenses and restore the right of nonpayment to consumers by eliminating the creditor's holder-in-due-course status. *Id.* In promulgating the regulation codified at 16 C.F.R. § 433.2 (1991),

the FTC also intended to permit a consumer to maintain an action against the assignee-creditor for a refund of all money paid on account. *Id.* Such relief was to be available only if the seller's breach was so substantial that rescission and restitution were justified under applicable state law principles. *Id.* Therefore, a consumer may successfully maintain an action against an assignee-creditor for any sums paid on account if a breach of warranty on the seller's part warrants rescission of the sales contract under the applicable state law. *Id. See also Ford Motor Credit Co. v. Morgan,* 404 Mass. 537, 536 N.E.2d 587; *In re Hillsborough Holdings Corp.,* 146 B.R. 1015 (Fla.1992).

Although Plaintiff argues to the contrary, none of the cases to which Plaintiffs cite state a different rule. The court in *Taylor v. Trans Acceptance Corp.,* 267 Ill.App.3d 562, 204 Ill.Dec. 477, 641 N.E.2d 907 (1st Dist. 1994), held, "While the scope for relief beyond nonpayment depends on the severity of the seller's breach ..., we need not consider this issue on a motion to dismiss." *Id.* 204 Ill.Dec. at 484, 641 N.E.2d 907. Despite Plaintiff's argument, *Taylor* does not stand for the proposition that a consumer may have an affirmative action against an assignee-creditor in the absence of a state law rescission claim.

In *Armstrong v. Edelson,* 718 F.Supp. 1372 (N.D.Ill.1989), the court noted that the Rule serves "to preserve the consumer's legally sufficient claims and defenses so that they may be asserted to defeat or diminish the right of a creditor to be paid, where a seller who arranges financing for a buyer fails to keep his side of the bargain." *Id.* at 1379 (*citing* 41 Fed.Reg. 20,022, at 20,023–024 (1976)). The holding in *Armstrong* does not conflict with the Rule requiring a rescission claim. The Rule specifically preserves the policy set forth in *Armstrong,* that of diminishing the right of a creditor to be paid where a seller does not comply with the agreement. *See Id. Armstrong* does not address the question of whether a consumer can state an affirmative action against a creditor absent a state law rescission claim.

Plaintiffs rely on an official FTC Advisory Opinion, which clarified the rule as follows:

Claims and defenses of a consumer, assertible against a seller under state law, remain unchanged under the rule. When a consumer contract is negotiated or transferred, the rule, through the required contract notice, merely preserves the claims and defenses a consumer may assert against a seller so that he may raise them against the holder of the contract. Accordingly, if the consumer, under applicable law, is entitled to withhold payment from the seller, he may, pursuant to the notice, withhold payment from the holder.

*FTC Advisory Opinion,* 89 FTC 675 (1977). This Advisory Opinion indicates that all claims and defenses which a consumer may assert against a seller may also be asserted against a creditor. No case law supports this view, however. Furthermore, the expressed contradictory view of 40 Fed.Reg. 53,524, as seen above, is well grounded in case law.

Plaintiffs further rely on the FTC Guidelines for the holder rule, which states:

This limits a consumer to a refund of monies paid under the contract, in the event that an affirmative money recovery is sought. In other words, the consumer may assert, by way of claim or defense, a right not to pay all or part of the outstanding balance owed the creditor under the contract; but the consumer will not be entitled to receive from the creditor an affirmative recovery which exceeds the amounts of money the consumer has paid in....

41 Fed.Reg. 20,022, at 20,023–024 (1976). However, this view is consistent with the above limiting rule and does not indicate that a consumer may assert an affirmative action against a creditor without a state law right to rescind the contract.

Thus, Plaintiffs must comply with the limiting rule. Therefore, they must successfully prove that each individual Plaintiff has a rescission claim under Illinois law in order to sustain an affirmative action against the assignee-creditor, LaSalle.

LaSalle contends that the court should dismiss the TILA Count because Plaintiffs failed to state a claim for state law rescission.

The court disagrees. "The court must construe the pleadings liberally, and mere vagueness or lack of detail alone does not constitute sufficient grounds to dismiss a complaint." *McMath v. City of Gary, Ind.,* 976 F.2d 1026, 1031 (7th Cir.1992). The court finds that by asserting that LaSalle was liable to them under the holder notice, Plaintiffs have sufficiently put LaSalle on notice that Plaintiffs will assert rescission claims under Illinois law against LaSalle.

▆▆▆ "It is well established under Illinois law that a party may seek rescission of a contract if there has been substantial nonperformance or a substantial breach by another party." *Eager v. Berke,* 11 Ill.2d 50, 142 N.E.2d 36 (1957). "The test to be employed in making this determination is 'whether ... the matter, in respect to which the failure of performance occurs, is of such a nature and of such importance that the contract would not have been made without it.'" *Felde v. Chrysler Credit Corp.,* 219 Ill.App.3d 530, 539, 162 Ill.Dec. 565, 580 N.E.2d 191. In the case *sub judice,* circumstances may exist under which Plaintiffs can assert rescission claims under state law. The court notes, however, (1) that the strongest rescission claim actually pled by Plaintiffs is a single vague claim for rescission by the Mounts in their Fourth Amended Complaint, and (2) that Plaintiffs have a difficult road ahead, given the difficulty of proving each Plaintiff's actual reliance on the alleged false statement. Viewing all facts and allegations in the light most favorable to Plaintiffs, their allegation that LaSalle is liable to them under the holder notice adequately alleges rescission claims under state law for purposes of notice pleading requirements.

▆▆▆ The next issue is whether LaSalle is liable under TILA § 1641(c). Liability under that section is imposed on any assignee of a contract which a consumer may rescind under TILA § 1635. Section 1635 grants a consumer a three-year right to rescind where a creditor has failed to clearly and conspicuously disclose the consumer's three-day rescission right at the time of the initial transaction. 15 U.S.C. § 1635(a) & (f). The consumer may exercise the three-year rescission right against any assignee of the obligation. 15 U.S.C. § 1641(c).

▆▆▆ Case law demonstrates that a violation of § 1635 may occur when the disclosure of the rescission right is accompanied by confusing, contradictory, or misleading provisions. 15 U.S.C. § 1635(a). In *Rodash v. AIB Mtge. Co.,* the court held that, in order to comply with § 1635, the notice of the three-day rescission right must be both clear and conspicuous and it must not be contradicted by any confusing or misleading provisions. *Rodash,* 16 F.3d 1142, 1145–47 (11th Cir.1994). A lender violates the disclosure requirements when it asks a borrower, prior to expiration of the three-day period, to sign a document confirming that the borrower has not rescinded. *Id.*

In *Jenkins v. Landmark Mtge. Corp.,* 696 F.Supp. 1089 (W.D.Va.1988), the borrower was given an accurate TILA "Notice of Right to Cancel" accompanied by a letter which inaccurately stated that the borrower would not be "relieved of all fees or expenses associated with the transaction as it has advanced to this point" even if the right was exercised in a timely manner. *Id.* The court concluded that "it is evident that the quoted statement is, at best, misleading and effectively contradictory to the pertinent regulations, for plaintiff clearly was not liable for expenses incurred within the context of the credit transaction." *Id.* at 1093.

In the instant case, Plaintiffs allege that the initial cash sales contracts used by LaSalle and by the home improvement dealers contain penalty clauses and confession of judgment provisions which negate clear and conspicuous disclosure of the rescission right. Furthermore, Plaintiffs allege that the consumers were informed that they had three days from the date of the initial sales contract to rescind, but were not informed of their rescission rights on the date which all of the terms of the transaction, including financing, were finalized and approved.

▆▆▆ However, LaSalle contends that it cannot be liable under § 1641 because Plaintiffs have not stated a predicate § 1635 claim for violation of disclosure requirements. The court disagrees. Plaintiffs allege violations

of § 1641 and § 1635 by the original lender. Because Plaintiffs allege rescission rights under § 1635, they also allege an absolute rescission right against an assignee of the initial sales contracts. 15 U.S.C. § 1641(c). Although there is no need for Plaintiffs to allege a separate, independent disclosure violation by LaSalle, Plaintiffs do allege such violations.[1]

LaSalle also erroneously argues that, in order to state a claim for a § 1641(c) claim for a violation as a class, Plaintiffs must include class allegations that the class members requested and were denied their right to rescind. LaSalle cites no authority for this proposition.[2] Denial of rescission is simply not an element of a claim under § 1641(c). As discussed above, Plaintiffs have stated a § 1641(c) claim.

Had Plaintiffs failed to state a § 1641(c) claim, the success of Plaintiffs' Motion to Reconsider would depend upon whether Plaintiffs stated a § 1641(a) claim. Although Plaintiffs do state a valid § 1641(c) claim for which LaSalle may be liable, the court nevertheless examines Plaintiffs' § 1641(a) claim. Section 1641(a) of TILA provides for the automatic liability of an assignee if the violation is apparent from the face of the documents. For purposes of § 1641(a):

[A] violation apparent on the face of the disclosure statement includes, but is not limited to 1) a disclosure which can be determined to be incomplete or inaccurate from the face of the disclosure statement or other documents assigned or 2) a disclosure which does not use the terms required to be used by this subchapter.

15 U.S.C. § 1641(a). LaSalle contends that the only disclosures required by § 1641(a) are those required by § 1638, which include the identity of the creditor, the amount financed, the total charges, the schedule of payments, and the statements of rebates. 15 U.S.C. § 1638(a). The language of the stat-ute does not limit the disclosures to those noted in § 1638. Furthermore, Plaintiffs do allege violation of the clear, conspicuous disclosure requirements of § 1635. As such, Plaintiffs state claims under both subsections (a) and (c) of § 1641.

LaSalle's final assertion, that the court should dismiss Plaintiffs' class claim for common law fraud for failure to properly plead, and inability to prove, actual reliance by each class member, is premature. Plaintiffs and class members are not required to prove every element of the claims alleged, in response to a motion to dismiss. All that is required is that plaintiffs give notice of the claims. *Dausch v. Rykse,* 52 F.3d 1425, 1427 (7th Cir.1994). In the case *sub judice,* Plaintiffs have adequately alleged that they relied upon the false statements contained in the contracts. The Complaint states as follows: "The plaintiffs and the class members acted in reliance on the false statements concerning the dates by which cancellation rights had to be exercised when they did not exercise their rescission rights." Compl. at 26.

LaSalle's reliance on *In re Soybean Futures Litigation* is misplaced. In that case, the court granted the defendant's motion for summary judgment because the plaintiffs failed to prove actual reliance. *In re Soybean,* 892 F.Supp. 1025, 1031 (N.D.Ill.1995). The instant case has not yet progressed to the summary judgment phase of litigation. All that is required on a motion to dismiss is that Plaintiffs allege actual reliance. Plaintiffs said they relied on false statements. Saying it is enough.

### III. *Conclusion*

Accordingly, the court grants Plaintiffs' Motion for Reconsideration. The court hereby vacates its order of November 15, 1995, and denies LaSalle's Motion to Dismiss.

IT IS SO ORDERED.

---

1. "[LaSalle] caused the false statements concerning the dates by which cancellation rights had to be exercised to be made intentionally and with full knowledge that the dates were not correct." Compl. at 26.

2. The Seventh Circuit has "made it clear that a litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is sound despite a lack of supporting authority, forfeits the point." *Doe, By and Through G.S. v. Johnson,* 52 F.3d 1448, 1457 (7th Cir.1995).