In the

# United States Court of Appeals
## For the Seventh Circuit

No. 21-1922

INDIGO OLD CORP., INC.,

*Plaintiff-Appellant,*

*v.*

THOMAS P. GUIDO,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 19 C 7491 — **Virginia M. Kendall**, *Judge.*

ARGUED DECEMBER 10, 2021 — DECIDED MARCH 28, 2022

Before EASTERBROOK, KANNE, and SCUDDER, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* As part of an asset-purchase agreement, IS Investments (ISI) promised to pay Indigo Old Corp. $2 million plus interest on a defined schedule. Thomas Guido guaranteed this debt. Indigo filed this suit under the diversity jurisdiction to collect on the guaranty. It is entitled to enforce Guido's obligation without first trying to collect from ISI. But Indigo must show that ISI has failed to keep its promise to pay, and the district court dismissed the complaint

after concluding that it does not allege that ISI owes any-
thing—yet. 2021 U.S. Dist. Lexis 76258 (N.D. Ill. Apr. 21, 2021).

On April 17, 2017, ISI, Indigo, Guido, and CIBC Bank exe-
cuted a number of related documents. One of these is the note
that ISI made in favor of Indigo. A second is the guaranty. A
third is a subordination agreement, which entitles the Bank to
be paid ahead of Indigo unless ISI meets certain financial con-
ditions designed for the Bank's security. Indigo's complaint
does not allege that ISI has retired the Bank's loan or met the
financial conditions. This means, the district judge held, that
ISI is forbidden to pay Indigo—which also means that ISI is
not in default under the note. No default by the principal
debtor, no enforcement against the guarantor.

Indigo relies on the guaranty's language, the core of which
is:

> [Guido] does absolutely, unconditionally and irrevocably guaran-
> tee to [Indigo] the payment of all amounts owed [Indigo] pursu-
> ant to the Note (such payments sometimes hereinafter referred to
> as the "Guaranteed Obligations").

> Upon any failure by [ISI] to timely make payment as required un-
> der the Note, [Indigo] may at its option proceed in the first in-
> stance against [Guido] to require full and prompt payment and
> performance of the Guaranteed Obligations, without first pro-
> ceeding against [ISI] … .

> [Guido's] obligations hereunder shall remain fully binding and
> shall not be impaired or discharged although [Indigo] may have
> waived one or more defaults by [ISI] or granted indulgences to
> [ISI], or extended the time of performance by [ISI], modified or
> amended the Note, extended or renewed the Note or released [ISI]
> from the performance of its obligations under such Note, or failed
> or neglected to exercise any of [Indigo's] rights against [ISI], not-
> withstanding that [Guido] may not have consented thereto or may
> not have notice or knowledge thereof.

Indigo particularly relies on the third paragraph, which says that side deals between Indigo and ISI, or anyone else such as the Bank, do not affect the guaranty's obligation.

There are two problems with Indigo's argument. The first lies in the guaranty's initial paragraph, which says that it covers the amounts "owed" by ISI. The next paragraph repeats this: the guaranty kicks in on ISI's failure "to timely make payment as required under the Note". As long as ISI does not owe anything, Guido need not pay on the guaranty. Of course, if the reason ISI does not owe anything is a modification within the scope of the third paragraph, then Guido remains liable. But that is the second problem. The district court found that there had not been any modification of ISI's obligation, and Indigo does not contest this conclusion.

If the note and guaranty had been the only original documents, then a later-adopted subordination agreement would have counted as a modification for the purpose of the third paragraph. That's not what happened, however. All three documents were executed contemporaneously. Illinois law, which supplies the rule of decision, includes a "long-standing principle that instruments executed at the same time, by the same parties, for the same purpose, and in the course of the same transaction are regarded as one contract and will be construed together." *Gallagher v. Lenart*, 226 Ill. 2d 208, 233 (2007). See also, e.g., *Sandra Frocks, Inc. v. Ziff*, 397 Ill. 497 (1947); *Wilson v. Roots*, 119 Ill. 379 (1887).

Far from contesting the existence or application of this package-deal rule, Indigo's reply brief tells us: "The District Court correctly ruled that the various agreements entered into to accomplish the business sale that underlies this dispute are to be considered together as a single instrument." Indigo's

sole appellate argument is that the district court did not give enough weight to the language of the guaranty in its role as part of a "single instrument." Yet we have already shown why that is incorrect. To be sure, the guaranty allows enforcement without first trying to collect from ISI, but only if ISI has failed to make "payment as required under the Note". And the note must be read together with the subordination agreement to determine when payments are "required". The district court, reading all documents together, found that ISI is not yet "required" to pay anything to Indigo. It follows that Indigo cannot collect from Guido under the guaranty.

We could imagine an argument that ambiguities in these documents might be illuminated by parol evidence. Indigo has not made such an argument, however, or alluded to any intrinsic or extrinsic ambiguities in the documents. Nor has Indigo denied that the guaranty is part of the original package; it acknowledges that all three documents must be read as one. Indigo stands on the documents' language. Given that choice, the judgment must be

AFFIRMED.